

# The Attorney General of Texas

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas    78774

Opinion No. MW-498

Re:  Effect of appropriations
act rider limiting payment of
plaintiff's attorney fees in
suits against the Department
of Corrections

Dear Mr. Bullock:

You have requested our opinion regarding the effect of an appropriations act rider limiting payment of plaintiff's attorney fees in suits against the Department of Corrections. House Bill No. 9, enacted in the second called session of the Sixty-seventh Legislature, Acts 1981, 67th Leg., 2d C.S., ch. 2, at 8, provides appropriations for various penal, adult correctional and criminal justice purposes. The statute provides, in pertinent part:

### AN ACT

relating to appropriations for the support of various departments of state government for penal, adult correctional, and criminal justice purposes and for the conduct of elections and to appropriations for certain legal fees and court cost and expenses.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. In addition to sums previously appropriated, the following sums are appropriated from the general revenue fund to the Texas Department of Corrections for the period ending August 31, 1983:

    1.  a.  Speedup of current projects, adapt permanent buildings for inmate housing, and construction of additional units/beds    $39,710,000

|  |  |
|---|---|
| b.  Three employee dorms | 2,490,000 |
| 2.  Security and staff excluding fringe benefits normally paid from other funds | 12,407,445 |
| 3.  Transportation of inmates from jails | 677,146 |
| 4.  Utilities, operating, and equipment costs for units on line prior to February, 1983 | 2,900,000 |
| Total | $58,184,591 |
| Less |  |
| Current available funds | 7,095,841 |

Item j -- appropriations -- Site acquisition, Architectural Development and Construction

|  |  |
|---|---|
| TOTAL | $51,088,750 |

It is the legislature's intent that none of the funds appropriated by Item 1 above shall be used to begin projects in such a way as would necessitate a request for an emergency appropriation from the 68th Legislature for the purpose of completing said projects.

. . . .

SECTION 5.  No state funds shall be expended in excess of $10,000 for plaintiff's attorney's or attorneys' fees, court costs, or other plaintiff's expenses in any one suit brought against the Texas Department of Corrections or any employee thereof unless the expenditure of said funds is specifically authorized by an appropriations act of the legislature which specifically identifies the plaintiff's attorney or attorneys and the suit or suits brought against the State of Texas or any board or agency thereof.

You first ask whether section 5 of House Bill No. 9 constitutes an invalid attempt to amend general law by an appropriations act rider.

Article III, section 35 of the Texas Constitution has long been construed to prohibit the enactment of general legislation within an appropriations act. See Moore v. Sheppard, 192 S.W.2d 559, 561 (Tex. 1946); Attorney General Opinion MW-389 (1981). A rider to an appropriations bill is valid, however, if its only effect is to "detail, limit or restrict the use of the funds therein appropriated." Attorney General Opinions V-1253; V-1254 (1951). See also, Attorney General Opinions MW-51 (1979); M-1199 (1972). In our opinion, it is clear that section 5 merely imposes a limitation on the expenditure of appropriated funds.

In Attorney General Opinion V-1253 (1951), the Attorney General held that a rider providing that "no motor-propelled passenger vehicle may be purchased with any of the funds appropriated in this article" was "a mere limitation and restriction upon the use of the money appropriated by House Bill No. 426." Likewise, section 5 of House Bill 9 merely places a limit of $10,000 on certain kinds of expenditures. So long as that is its only effect, it is not violative of article III, section 35.

You also ask whether section 5 applies only to the appropriations made in House Bill No. 9 or whether it also imposes its restriction on the general appropriations act previously enacted by the Sixty-seventh Legislature, House Bill No. 656, Acts 1981, 67th Leg. ch. 875, at 3333. The opinions which have construed article III, section 35 have repeatedly sanctioned riders which detail, limit or restrict funds "therein appropriated." (Emphasis added). Attorney General Opinions V-1253; V-1254 (1951). See Conley v. Daughters of the Republic, 156 S.W. 197 (Tex. 1913). House Bill No. 9 was enacted in a called session of the legislature. It does not purport to amend the general appropriations bill enacted in the regular session, nor does it make any reference thereto, except to state, "in addition to sums previously appropriated." It constitutes legislation entirely separate and apart from the earlier enactment. Since, in our opinion, a rider may restrict the expenditure of only those funds appropriated by the legislation containing the rider, we conclude that section 5 is not applicable to House Bill No. 656, enacted in the regular session of the Sixty-seventh Legislature.

You have not inquired about, and we need not address any potential conflict between section 5 and federal legislation. But see 42 U.S.C. §1988.

## S U M M A R Y

Section 5 of House Bill No. 9, Acts 1981, Sixty-seventh Legislature, 2d C.S., chapter 2, at 8, is not an invalid attempt to amend general law

by an appropriations act rider.   It applies only to those appropriations made in House Bill No. 9.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Richard Meyer
Jim Moellinger
Bruce Youngblood